# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS KNOPICK | : | Civ. No. 09-1287 |
| Plaintiff, | : | |
| v. | : | |
| JOHN J. CONNELLY, JR.; SUSAN M. KADEL; JAMES, SMITH, DURKIN & CONNELLY, LLP; and, PHILIP A. DOWNEY | : | J. RAMBO |
| Defendants | : | |

## **MEMORANDUM**

Before the court is Defendant Philip A. Downey's motion for summary judgment. (Doc. 15.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be granted.

I.     **Background**

   A. **Facts**[1]

   This case arises out of a divorce dispute between Plaintiff Nicholas Knopick and his former wife, Dolly Knopick. Prior to actually filing for divorce, on May 11, 1998, Plaintiff and Dolly entered into a Property Settlement Agreement ("PSA"). (Doc. 23, Def.'s Statement of Material Facts ("SMF") ¶ 3.) The validity of the PSA was later challenged by Dolly who claimed that Plaintiff had failed to make a full and fair disclosure of his financial assets. (*Id.* ¶¶ 4, 5.) A hearing to determine the validity of the PSA was held on August 2, 2004, before the Honorable Kathy Morrow of the Perry County Court of Common Pleas. (*Id.* ¶ 4.) On July 5, 2005, Judge Morrow issued an order declaring the PSA invalid due to fraud on the part of Plaintiff. (*Id.* ¶ 8.) Plaintiff was represented at this time by co-Defendants John J. Connelly, Susan M. Kadel and the law firm of James, Smith, Durkin and

---

[1] In *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 148–49 (3d Cir. 2002), the Third Circuit reaffirmed its supervisory rule first announced in *Vadino v. A. Valey Engineers,* 903 F.2d 253, 259 (3d Cir.1990) that "the district courts in this circuit [must] accompany grants of summary judgment hereafter with an explanation sufficient to permit the parties and this court to understand the legal premise for the court's order." *Vadino*, 903 F.2d at 259. Here, the court will identify those facts that are subject to genuine dispute, and cite to the record in order to highlight the precise nature of any disputed facts. The court will not cite to the record where the facts are undisputed; instead, the court will rely on the statements of material fact and admissions submitted by the parties. The materiality of any genuinely disputed facts will be analyzed in the discussion section below.

Connelly, LLP (collectively "the firm").[2] Plaintiff was unsatisfied with the representation provided by the firm and retained Downey in March of 2007 to look into possible instances of legal malpractice.[3] (*Id.* ¶ 2.) Specifically, Plaintiff contends that the firm failed to call relevant witnesses at the hearing, and if these witnesses had been called Judge Morrow would not have invalidated the PSA. In February of 2008, Defendant Downey informed Plaintiff that he would not pursue a legal malpractice claim against the firm because the statute of limitation on these claims was two-years and that it had begun to run in August of 2004 when the firm failed to call potentially relevant witnesses at the hearing. (Compl. ¶ 52.)

### B. Procedural History

On July 6, 2009, Plaintiff filed suit against the firm alleging legal malpractice under a breach of contract theory of liability. In this same complaint, Plaintiff brought suit against Downey alleging legal malpractice under both tort and contract theories of liability. (Doc. 1.) On December 29, 2009, this court dismissed Defendants Connelly, Kadel and the firm, finding that the statute had run with

---

[2] The claims against these Defendants were dismissed by order of this court on December 29, 2009. (Doc. 29.)

[3] Downey represented Plaintiff with regard to other legal matters, but was no specifically retained to look into legal malpractice claims till March of 2007.

regard to Plaintiff's claims against them. (Doc. 29.) On October 21, 2009, Downey filed a motion for summary judgment and brief in support. (Docs. 15, 17.) Plaintiff filed a response brief on November 3, 2009, to which Downey replied on November 9, 2009. (Docs. 19, 20.) Although untimely, on November 29, 2009, Downey filed a statement of material facts, and on December 14, 2009, Plaintiff filed his counter-statement of material facts. (Docs. 23, 28.) The motion is now ripe for disposition.

## II. <u>Legal Standard</u>

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact

in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

The moving party bears the initial burden of demonstrating the absence of a disputed issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Upon such a showing, the burden then shifts to the non-moving party to present "specific facts showing the existence of a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmoving party may not simply sit back and rest on the allegations in its complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.     Discussion**

The parties in this case make numerous arguments, many of which may be meritorious, but for the reasons mentioned below, are simply irrelevant. First, Downey argues that Plaintiff cannot establish any damages due to Downey's conduct and cannot prove causation with regard to his tort claim. Second, Downey argues that he could not have brought legal malpractice claims against Plaintiff's former attorneys because Plaintiff engaged in fraud by failing to fully and fairly disclose his financial assets to Dolly prior to entering into the PSA. Only in passing does Downey contend that he could not have brought a legal malpractice claim against Plaintiff's former attorneys because the statute of limitations on these claims had run, although this was the reason he originally gave for failing to bring the claims.

Plaintiff argues that the statute of limitations had not run on his claims when he retained Downey in March of 2007, and that Downey, thus, committed legal malpractice by failing to file suit. Because the court finds that the statute of limitations had run at the time Downey was retained, it will only address that issue.

**A.     Legal Malpractice**

In Pennsylvania, an individual can bring a legal malpractice claim

under both tort and contract theories. Plaintiff has done so here.

1. **Tort Theory**

Under a tort theory, Plaintiff must establish the following three elements:

> 1) The employment of the attorney or other basis for duty;
> 2) The failure of the attorney to exercise ordinary skill and knowledge; and
> 3) That such failure was the proximate cause of the damage to the plaintiff.

Pettit v. Smith, 241 B.R. 847, 850 (Bankr. E.D. Pa. 1999). To satisfy the second prong, a plaintiff must show the attorney failed "to exercise the standard of care that a reasonable attorney would exercise under the circumstances." *Id.*

Under Pennsylvania law, there is a two-year statute of limitations applicable to tort claims. *Id.*; 42 Pa. Cons. Stat. § 5524. Therefore, an essential question in this case is- when the statute of limitations began to run: was it at the time the PSA hearing took place, or when Judge Morrow issued her order? The answer to this question will help to determine if, in fact, Downey exercised the standard of care that a reasonable attorney would exercise.

Pennsylvania favors a strict policy when it comes to applying statutes of limitations. *Carlisle v. Bartony, Hare & Edson, et al.*, 2006 WL 2226029, at *2

(W.D. Pa. 2006). For malpractice claims, the statute begins to run at the time the alleged malpractice "occurs." *Id.* (citing *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 1997 WL 102521 (E.D. Pa. 1997) (holding that plaintiffs' malpractice claims began to toll on the date their lawyer informed them he could not call an expert witness, not the date the jury rendered an adverse verdict). In other words, "the statute begins to run on the date the attorney committed the act constituting malpractice." *Carlisle*, 2006 WL 2226029, at *2 (holding that the statute of limitations began to run when the attorney committed the offending acts, not the date of the jury verdict). An exception to the occurrence rule is the discovery rule which "provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained with the prescribed period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Pettit*, 241 B.R. at 851. "However, lack of knowledge, mistake or misunderstanding will not" implicate the discovery rule. *Id.*; *see also Carlisle*, 2006 WL 2226029, at *2. The cornerstone of the discovery rule is that the injured party must have had an inability at the time the malpractice occurred to know about the injury, "despite the exercise of reasonable diligence." *Carlisle*, 2006 WL 2226029, at *2.

In the present case, the alleged underlying act of malpractice of which Plaintiff claims Downey should have brought suit was the firm's failure to call relevant witnesses at the PSA hearing on August 2, 2004. The court concludes that Plaintiff knew or should have known of the alleged malpractice as of this date, not the date upon which Judge Morrow issued her opinion. Thus, Plaintiff had until August 2, 2006, to bring suit. Plaintiff did not retain Attorney Downey for representation in a potential legal malpractice case until March of 2007.[4] As of that date, Attorney Downey was correct that the statute of limitations on Plaintiff's claims had run and therefore a malpractice suit could not be brought. As such, Attorney Downey exercised the standard of care that a reasonable attorney under the circumstances, and Plaintiff's tort claim fails as a matter of law. The court will grant Defendant's motion for summary judgment as to this claim.

**2. Contract Theory**

Plaintiff also brought malpractice claims against Defendant Downey

---

[4] The court is aware of Plaintiff's motion for supplemental briefing filed on January 25, 2010, whereby Plaintiff submits a letter from Downey to the firm informing them of a potential malpractice suit. This letter is dated October 26, 2006. Neither party disputes that Downey was retained in March of 2007. Regardless, even as of the date of the October letter, Downey would not have been able to file suit because the statute of limitations had run on August 2, 2006. Therefore, this motion will be denied as the supplemental briefing would not affect the disposition of the summary judgment motion.

premised upon a breach of contract theory. 42 Pa. Cons. Stat. § 5525. To prevail on a legal malpractice claim sounding in contract, "a plaintiff must show that there was a contract and that the defendant breached a specific provision thereof." *Id.* The difference between a tort and contract claim is that in a contract claim the plaintiff must establish that there was a specific instruction in the contract directing a defendant "to perform a task that the defendant failed to perform, or [that] the defendant made a specific promise upon which plaintiff reasonably relied to his detriment." *Id.*

In Pennsylvania, there is a four-year statute of limitations for contract claims. In addition, when it comes to malpractice claims, there is an important limitation on this rule in that a plaintiff may not couch a tort negligence claim as a contract claim simply to side-step the two-year limitation period. *Saferstein*, 1997 WL 102521, at * 5. As was explained by the court in *Saferstein*,

> Plaintiff's claims do not fall within the four-year limitation period provided for actions for breach of contract, merely because there was a contractual relationship between [the parties], and the obligation to exercise reasonable care was an express or implied term of the 'contract.' If the plaintiff's argument were accepted, the two-year limitations statute for tort actions would be a dead letter in . . . malpractice cases.

*Id.*

In the present case, the claims alleged in Count Three of the complaint clearly sound in tort, not contract. Plaintiff discusses the standard of care owed by an attorney, not a breach of specific terms of the contingent fee agreement (Doc. 1-2, Ex. E.) The language contained in Count Three reads as follows:

> 88. Nicholas Knopick retained Philip Downey for a fee to represent him in his malpractice action against Attorneys Connelly and Kadel and the Connelly Firm. A true and correct copy of contract is attached hereto as Exhibit "E".
> 89. Attorney Downey had a *duty* to Mr. Knopick to abide by the requirements of the contract.
> 90. However, Attorney Downey failed to institute or pursue any malpractice action on Mr. Knopick's behalf.
> 91. In doing so, Attorney Downey *breached his duty* to Mr. Knopick under the contract.
> 92. This breach was a *proximate cause* of the loss of Mr. Knopick's malpractice action against Attorneys Connelly and Kadel and the Connelly Firm.
> 93. Additionally, the contract required Attorney Downey to advise Mr. Knopick if, at any time, Attorney Downey determined that Mr. Knopick did not have a valid claim.
> 94. However, Attorney Downey failed to advise Mr. Knopick that he would not pursue a malpractice action on his behalf until the February 28, 2008 letter, which was after the two-year Statute of Limitations had run for any malpractice action against Attorneys Connelly or Kadel or the Connelly Firm.
> 95. This breach was a *proximate cause* of the loss of Mr. Knopick's malpractice action against Attorneys Connelly and Kadel and the Connelly Firm.
> 96. Accordingly, Attorney Downey breached this specific provision of

> the contract as well.
> 97. In addition, Attorney Downey by implication agreed to provide Mr. Knopick with professional services *consistent with those expected of the profession at large*.
> 98. However, Attorney Downey's representation of Mr. Knopick fell below this *standard of care*.
> 99. An attorney exercising the *ordinary skill and knowledge of a legal professional would have known* that the Statute of Limitations did not begin to run against Mr. Knopick at the time of the August 2004 hearing, and that, at the time Mr. Knopick retained Attorney Downey, he still had a valid and timely malpractice action against Attorneys Connelly and Kadel and the Connelly Firm.
> 100. Additionally, an attorney exercising the *ordinary skill and knowledge of a legal professional* would have instituted and pursued malpractice actions against Attorneys Connelly and Kadel and the Connelly Firm before the expiration of the two-year Statute of Limitations on malpractice actions.
> 101. Therefore, Attorney Downey failed to render those legal services in a manner that comports with the *profession at large*.
> 102. This failure was a *proximate cause* of the loss of Mr. Knopick's malpractice action against Attorneys Connelly and Kadel and the Connelly Firm.

(Compl., Doc. 1 (emphasis added).) Merely reciting the language "specific terms of the contract" without citing *which* terms the parties breached, is insufficient.[5] Although attaching the agreement is certainly helpful to the disposition of this case, it is not the court's role to parse through the document to ascertain which provision

---

[5] This is all assuming the contingent fee agreement satisfies the requirements of a contract.

Defendant potentially breached. In addition, the implied duty of care owed by every attorney to their clients is insufficient to support a breach of contract claim. *Saferstein*, 1997 WL 102521, at *5. Further evidence that this is a negligence claim couched as a breach of contract claim, is the fact that the language contained in Count Three directly mirrors the language contained in Count Two- Plaintiff's legal malpractice tort claim. At the summary judgment stage, Plaintiff may not sit back and rest on the allegations in his complaint without citing to any specific provision of the contract that was breached. Therefore, Defendant's summary judgment motion on this issue will be granted.

### IV.    Conclusion

Because Plaintiff's underlying cause of action was subject to a two-year limitation period, Defendant Downey was not negligent in failing to bring suit. Furthermore, Plaintiff's contract claim is clearly grounded in tort and is, thus, also subject to the two-year limitation period. As such, Defendant's motion for summary judgment will be granted.

Dated: January 25, 2010.                    S/SYLVIA H. RAMBO
                                            United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS KNOPICK | : | Civ. No. 09-1287 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN J. CONNELLY, JR.; SUSAN M. KADEL; JAMES, SMITH, DURKIN & CONNELLY, LLP; and, PHILIP A. DOWNEY | : | J. RAMBO |
| | : | |
| **Defendants** | : | |

# ORDER

For the reasons mentioned in the accompanying memorandum:

1) Defendant Philip A. Downey's motion for summary judgment, (Doc. 15), is **GRANTED**.

2) Plaintiff's motion to file, (Doc. 30), supplemental briefing is **DENIED.**

The clerk of courts is directed to enter judgment in favor of Defendant Downey and close this case.

Dated: January 25, 2010.                S/SYLVIA H. RAMBO
                                        United States District Judge