IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**NICHOLAS KNOPICK,**
    **Plaintiff**

    v.

**PHILIP A. DOWNEY,**
    **Defendant**

: Civil No. 1:09-CV-1287
:
:
:
:
: Judge Sylvia H. Rambo

## **M E M O R A N D U M**

In this legal malpractice action, Plaintiff has sued two sets of his former attorneys, alleging that the first group of attorneys committed legal malpractice related to their representation of Plaintiff in connection with a property settlement agreement, and that Defendant Downey, whom he engaged to prosecute a legal malpractice action against the first group of attorneys, committed legal malpractice in his failure to properly advance that claim. Presently before the court is a motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. 1292(b), which was filed by Defendant Downey and not opposed by Plaintiff. (Doc. 112.) The motion requests this court to certify its August 5, 2013 order denying Defendant Downey's motion for judgment on the pleadings as an appealable interlocutory order. (Doc. 109.) For the following reasons, Defendant Downey's motion will be denied.

**I.**     **Background**

This case has been the matter of four separate memoranda addressing dispositive motions filed by the parties in this case. (*See generally* Doc. 29 (granting Connelly Defendants' motion to dismiss); Doc. 32 (granting Defendant Downey's motion for summary judgment); Doc. 88 (denying Defendant Downey's second motion for summary judgment following remand); Doc. 107 (denying Defendant Downey's motion for judgment on the pleadings and Plaintiff's motion for

reconsideration).) Because the court writes primarily for the parties, it will not set forth the entirety of the factual and procedural history. The court will, however, highlight key facts relevant to its consideration of the instant motion.

Plaintiff initiated this action on July 6, 2009, by filing a complaint invoking this court's diversity jurisdiction. The complaint, which as highlighted in the court's most recent memorandum, identified the nature of the suit as one sounding in tort. Nevertheless, the complaint contained three counts, namely a breach of contract claim against the Connelly Defendants in connection with their state court representation of Plaintiff in the property settlement agreement ("PSA") proceedings (Count I), and a legal malpractice (Count II) and breach of contract claim (Count III) against Defendant Downey in connection with his failure to adequately prosecute Plaintiff's legal malpractice claim against the Connelly Defendants. (*See* Doc 1.) Plaintiff set forth the following in support of his breach of contract claim against the Connelly Defendants:

> 57. When an attorney enters into a contract to provide legal services, there automatically arises a contractual *duty* on the part of the attorney to *render those services in a manner that comports with the profession at large*.
>
> \* \* \*
>
> 59. [By retaining the Connelly Defendants], the [Connelly Defendants], by implication, agreed to provide [Plaintiff] with *professional services consistent with those expected of the profession at large.*
>
> \* \* \*
>
> 61. [The Connelly Defendants] had *a duty* to conduct themselves as *a reasonable attorney* would act.

2

> 62. [The Connelly Defendants] *owed [Plaintiff] a duty* to possess and employ the *skill and knowledge that ordinarily is employed by a professional*.
>
> * * *
>
> 64. An attorney *exercising the ordinary skill and knowledge of a legal professional* would have investigated and called [the witnesses suggested by Plaintiff at the hearing].
>
> 65. [The Connelly Defendants] *acted in deviation from the standard of care of a reasonable attorney and breached their duties* they owed to [Plaintiff].
>
> 66. [The Connelly Defendants]'s actions were *the proximate cause of [Plaintiff]'s harms*, were a *substantial factor in bringing about his harms*, and significantly increased the risk his harms would occur.
>
> 67. This failure was a *direct cause* of the July 5, 2005 Order that set aside the [PSA] and the unfavorable settlement that resulted from that Order.
>
> 68. Plaintiff would have prevailed in the state court dispute over the [PSA] *in the absence of professional negligence* by [the Connelly Defendants].

(Doc. 1, ¶¶ 57, 59, 61, 62, 64-68 (emphasis added).)

On July 22, 2009, the Connelly Defendants filed a motion to dismiss (Doc. 4), which the court granted on December 29, 2009, on the basis that the applicable two-year statute of limitations[1] had expired prior to the complaint's July 22, 2009 filing date. (Doc. 29.) In arriving at its decision, the court found that, despite Plaintiff labeling Count I as breach of contract against the Connelly

---

[1] The court found that the two-year statute of limitations for legal malpractice claims applied to Plaintiff's claim against the Connelly Defendants, finding that Plaintiff's claim against the Connelly Defendants sounded in trespass rather than assumpsit. (*See* Doc. 29, pp. 9-10 of 12.)

Defendants, the allegations contained therein were more properly asserted as an action sounding in tort rather than contract. Specifically, the court reasoned:

> These allegations, plainly read, employ tort-like language and obligations rather than contract-like obligations, thus, leading the court to conclude that the gist of the action is one of tort [rather than contract].

(*Id.* at p. 9 of 12.) Thus, although the court recognized that a plaintiff may bring a malpractice claim under both contract and tort theories of liability, it held that Plaintiff's claim arose in tort, and applied Pennsylvania's two-year statute of limitations applicable to malpractice tort claims, 42 Pa. Cons. Stat. Ann. § 5524, rather than the four-year statute of limitations applicable to contract claims, 42 Pa. Cons. Stat. Ann § 5525. (*See id.*) Plaintiff neither sought to file an amended complaint properly stating a viable cause of action for breach of contract nor appealed the court's ruling.

On October 21, 2009, Defendant Downey filed a motion for summary judgment on the two claims asserted against him, namely the legal malpractice claim at Count II and breach of contract claim at Count III. (Doc. 15.) Defendant Downey argued that he was entitled to judgment in his favor because he and the Connelly Defendants did not cause Plaintiff to suffer economic damages, reasoning that the PSA at issue in the state court proceedings was the product of Plaintiff's own fraud. (Doc. 17, pp. 5, 11 of 15.) On January 25, 2010, the court granted Defendant Downey's motion for summary judgment on the basis that the two-year statute of limitations applicable to a legal malpractice claim sounding in negligence had expired. (Doc. 32.) Similar to its reasoning for dismissing the Connelly Defendants, the court found that, despite Plaintiff labeling Count III as breach of contract against

Defendant Downey, the allegations contained therein were more properly asserted as an action arising in tort rather than contract. (*Id.* at pp. 12-13 of 14.) Specifically, the court reasoned:

> Count Three of the complaint clearly sound[s] in tort, not contract. Plaintiff discusses the standard of care owed by an attorney, not a breach of specific terms of the contingent fee agreement. . . . . Merely reciting the language "specific terms of the contract" without citing *which* terms the parties breached, is insufficient. . . . [I]t is not the court's role to parse through the document to ascertain which provision Defendant potentially breached.

(Doc. 32, pp. 11-13 of 14 (emphasis in original) (footnote omitted).) The court then applied the occurrence rule and found that the statute of limitations for Plaintiff to bring the legal malpractice claim asserted against the Connelly Defendants expired on August 2, 2006, two years after the occurrence of the alleged malpractice, which was nearly six months prior to Plaintiff's retention of Defendant Downey in March 2007. (*See* Doc. 32, pp. 3, 9 of 13.) The court reasoned that, because the statute of limitations had run on Plaintiff's claim against the Connelly Defendants prior to Plaintiff's retention of Defendant Downey, Defendant Downey could not be held liable for failing to commence a time-barred action against the Connelly Defendants. (*See id.*) Plaintiff appealed that ruling. (*See* Doc. 34.)

Applying the discovery rule instead of the occurrence rule, the United States Court of Appeals for the Third Circuit reversed and remanded, finding that reasonable minds could differ as to whether Plaintiff reasonably knew or should have known of his injury before the Perry County Court of Common Pleas entered its order on the underlying property settlement agreement. (Doc. 37.) Thus, the Third Circuit held it was not clear from the record whether the statute of limitations had

5

expired on Plaintiff's tort claim against the Connelly Defendants prior to Plaintiff's retention of Defendant Downey.[2] (*Id.*)

On remand, Defendant Downey filed a second motion for summary judgment on June 18, 2012 (Doc. 49), in which he argued that the underlying PSA was invalid on its face, and that the Connelly Defendants could not have changed such a conclusion by the county court, regardless of their actions at the August 2, 2004 hearing. (*See* Doc. 51, p. 29 of 30.) The court denied Defendant Downey's motion on May 6, 2013, finding that a genuine issue of material fact existed as to whether the Connelly Defendants committed malpractice by failing to call a certain witness who would have provided a basis for the county court to find that Plaintiff's wife was adequately aware of the couple's finances. (Doc. 88.)

On June 17, 2013, Defendant Downey filed a motion for judgment on the pleadings. (Doc. 94.) Defendant Downey's motion requested judgment in his favor on the basis that *Coleman v. Duane Morris, LLP*, 58 A.3d 833 (Pa. Super. Ct. 2012), *perm. app. granted*, 68 A.3d 328 (Pa. 2013), a December 20, 2012 Pennsylvania Superior Court decision, made clear that Plaintiff had a viable claim against the Connelly Defendants for all of his alleged harm at the time Plaintiff filed suit against Defendant Downey. (*Id.* at p. 2 of 12.) Therefore, Defendant Downey reasoned, he could not be the proximate cause of Plaintiff's harm. (*Id.*) On June 19, 2013, Plaintiff filed a response in opposition to Defendant Downey's motion (Doc. 98), as well as a motion for reconsideration related to the court's December 29, 2009 dismissal of the Connelly Defendants (Doc. 96). In his motion, Plaintiff argued

---

[2] The Third Circuit did not consider whether Plaintiff adequately asserted a breach of contract claim, because, as the Court noted, "[Plaintiff] acknowledged at oral argument that he . . . abandoned his contract claim." (Doc. 37, p. 9 n.8 of 28.)

*Coleman* "held that a plaintiff may assert a breach of contract action sounding in legal malpractice using the four year statute of limitations for breach of contract actions." (Doc. 98, p. 8 of 23.) Plaintiff reasoned that the *Coleman* decision was an "intervening change in controlling law, reveal[ed] the need to correct a legal error, and create[d] a need to prevent manifest injustice." (*Id*. at p. 9 of 23.)

On August 5, 2013, the court denied both motions. (Docs. 108 & 109.) In the memorandum entered in support of the orders, the court explained that *Coleman* did not constitute a change in controlling law applicable to the action, but rather acknowledged a 2002 Pennsylvania Superior Court case, *Gorski v. Smith*, 812 A.2d 683 (Pa. Super. Ct. 2002), which was "decided by the Superior Court several years prior to this court's December 29, 2009 order." (Doc. 107, p. 17 of 24.) Finding that *Coleman* did not constitute a change in controlling law and finding that the court did not commit clear legal error in dismissing Plaintiff's legal malpractice claim against the Connelly Defendants in December 2009, the court denied Plaintiff's motion for reconsideration. (*Id*. at p. 18 of 24.) Furthermore, upon consideration of the facts taken in the light most favorable to Plaintiff, the court found, for purposes of addressing the motions, the record established that: (1) the Connelly Defendants were professionally negligent in failing to call witnesses at the August 2, 2004 hearing; (2) Plaintiff did not discover his injury until Judge Morrow's July 7, 2005 order invalidating the PSA; (3) Plaintiff contacted Defendant Downey on July 31, 2006; (4) Plaintiff retained Defendant Downey to "institute, prosecute, negotiate and compromise claims to recover damages from [the Connelly Defendants]" on March 30, 2007; (5) the statute of limitations on Plaintiff's professional negligence action against the Connelly Defendants expired on July 9,

2007; and (6) Defendant Downey did not file the claim contemplated by the March 30, 2007 agreement. (Doc. 107, p. 23 of 24.) Therefore, the court concluded Plaintiff may have had a viable professional negligence claim against the Connelly Defendants that Defendant Downey never filed despite being retained to do so. The court accordingly denied Defendant Downey's motion for judgment on the pleadings. (Docs. 107 & 108.)

On August 20, 2013, Defendant Downey filed the instant motion, requesting the court certify its August 5, 2013 order for an interlocutory appeal. (Doc. 112.) In his brief in support, Defendant Downey acknowledges the import of *Gorski*, and argues that it presents a controlling question of law.[3] (Doc. 113, p. 4 of 6.) Plaintiff concurs with Defendant Downey's motion. (Doc. 115.) The issue has been adequately briefed and is now ripe for consideration.

**II.        Discussion**

Under Section 1292(b), the court can certify a non-final order for interlocutory appeal if the order "involves (1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (numbering added). Even if the moving party satisfies the statutory criteria, the district court "possesses discretion to deny certification of an [interlocutory] appeal." *In re Chocolate Confectionary Antitrust*

---

[3] Despite Defendant Downey requesting the court certify for an interlocutory appeal its order denying his motion for judgment on the pleadings on the basis that the record did not entitle him to judgment as a matter of law, it appears he is truly requesting appellate review of this court's answer to whether Pennsylvania law permits a plaintiff to plead a legal malpractice action sounding in assumpsit on the basis that the defendant breached the standard of care an attorney generally owes to a client. This was the issue addressed in the court's December 29, 2009 memorandum and underlay the court's dismissal of the Connelly Defendants.

*Litig.*, 607 F. Supp. 2d 701, 708 (M.D. Pa. 2009) (citing *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)). An interlocutory appeal should be reserved for "exceptional cases." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (quotation marks and citation omitted); *Sabree v. Williams*, Civ. No. 06-cv-2164, 2008 WL 4534073, *1 (D.N.J. Oct. 2, 2008) ("[A] district court should exercise this discretion and certify issues for interlocutory appeal only sparingly and in exceptional circumstances.").

In determining whether an order presents a controlling question of law, the court must look to whether (1) an incorrect disposition would constitute reversible error if presented on final appeal; or (2) if the question is so "serious to the conduct of the litigation either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) ("A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal.") . "[S]ubstantial ground for difference of opinion" exists when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (citing *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)); *see also Cuttic v. Crozer-Chester Med. Ctr.*, 806 F. Supp. 2d 796, 804-05 (E.D. Pa. 2011) ("[S]ubstantial grounds for difference of opinion exist where there is general doubt or conflicting precedent as to the correct legal standard."). The clearest evidence of "substantial grounds for difference of opinion" is where "there are conflicting interpretations from numerous courts." *Beazer E., Inc. v. The Mead Corp.*, Civ. No. 91-0408, 2006 WL 2927627, *2 (W.D. Pa. Oct. 12, 2006). In terms of determining whether an appeal would materially advance the ultimate termination

of litigation, courts look to "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007); *See Cuttic*, 806 F. Supp. 2d at 805. On the other hand, where discovery has been ongoing and the case is nearly ready for trial, "an interlocutory appeal can hardly advance the ultimate termination of the litigation." *Bradburn Parent Teacher Store v. Minn. Mining & Mfg. Co.*, Civ. No. 02-7676, 2005 WL 1819969, *4 (E.D. Pa. Aug. 2, 2005).

Assuming, without deciding, that the first two requirements of Section 1292(b) are satisfied,[4] the certification request fails on the third criterion. Defendant

---

[4] There is serious question as to whether either of these requirements are satisfied. As to the first requirement, the court notes that its December 29, 2009 decision dismissing the Connelly Defendants may have presented an issue of controlling law, but the August 5, 2013 decision did not; rather, the August 5, 2013 decision simply denied Plaintiff's motion for reconsideration and Defendant Downey's motion for judgment on the pleadings. Neither issue addressed in that memorandum "would be reversible error on final appeal." *See* 28 U.S.C. 1292(b). As to the second requirement, federal courts have consistently held that a plaintiff may not repackage a legal negligence claim into one sounding in breach of contract simply by skillful pleading. Moreover, in *Steiner v. Markel*, 968 A.2d 1253 (Pa. 2009), a legal malpractice case involving property erroneously described in a deed, the Pennsylvania Supreme Court was faced with a statute of limitations issue. The court's decision focused upon other issues, but in his dissent, Justice Saylor asserted that the court should have taken the opportunity to clarify the "disordered area of the law" in which legal malpractice claims may be stated under either contract or tort theories. In his dissent, Justice Saylor recognized that federal courts have "effectively predicted" that the Pennsylvania Supreme Court would require the plaintiff allege a breach of a particular contractual provision, and stated as follows:

> [A] substantial, underlying conceptual problem in this case is that this Court has not detailed the elements of a contract-based cause of action for legal malpractice in a fashion which would meaningfully distinguish them from those necessary to support a tort-based cause. Indeed, the discussion of a contract-based cause in *Bailey v. Tucker*, 533 Pa. 237, 621 A.2d 108 (1993), suggests the elements of tort- and contract-based causes of action in this setting overlap substantially, if not completely. *See id.* at 251-52, 621 A.2d at 115[; s]*ee generally* 3 West's PA. PRAC., TORTS: LAW AND ADVOCACY § 6:29
>                                                              (continued...)

10

Downey argues that a "favorable ruling on appeal would terminate the litigation against [Defendant] Downey." (Doc. 113, p. 5 of 6.) Even if true, this factor asks the court to assess whether the immediate appeal may materially advance the "*ultimate termination of the litigation.*" 28 U.S.C. § 1292(b) (emphasis supplied). The litigation will not terminate if the Third Circuit determines that, under Pennsylvania law, a plaintiff can assert a legal malpractice cause of action sounding in assumpsit by alleging the defendant-attorney breached the general standard of care owed by attorneys to their clients. Regardless of the appellate decision, Defendant Downey will still remain in the case, and will continue defending the professional negligence claim.[5] Thus, contrary to Defendant Downey's argument, a favorable ruling will not materially advance the ultimate termination of this litigation. In the court's view, a favorable ruling may, in fact, have an opposite effect.

---

[4] (...continued)
(2008) (suggesting that, if *Bailey* is adhered to on its terms, "any distinction between contract and tort claims is practically meaningless" and plaintiffs, by mere skillful pleading" may avail themselves of the longer limitations period). A counter-position has developed in the federal courts, which have effectively predicted this Court would require averment of a breach of some particular provision of the agreement of representation, or a failure to follow specific client instructions, to support a contract-based claim. *See, e.g., Stacey v. City of Hermitage*, 2008 WL 941642, *4 (W.D. Pa. Apr. 7, 2008); *see also Edwards v. Thorpe*, 876 F. Supp. 693, 694 (E.D. Pa. 1995). In light of such enhanced requirement for contract-based pleading, these courts have admonished, "a plaintiff may not repackage a negligence-based malpractice claim under an assumpsit theory to avoid the statute of limitations." *Stacey*, 2008 WL 941642, at *5.

*Steiner*, 968 A.2d at 1262 (Saylor, J., dissenting).

[5] Plaintiff has abandoned his contract claim against Defendant Downey. (*See supra* n.2 (citing Doc. 37, p. 9 n.8 of 28).)

Lastly, the court would be remiss not to note the impropriety of certifying the dismissal of the Connelly Defendants for an interlocutory appeal.[6] The December 29, 2009 order extinguished Plaintiff's claim against the Connelly Defendants. Plaintiff neither sought leave to file an amended complaint nor appealed the court's decision. Clearly, the issue for which the parties now desire appellate review is the issue upon which the court's December 29, 2009 decision turned. This request comes over three years after the entry of the order of which the parties complain. The request is not only untimely, but made with the significant consequence of delaying final adjudication of the matter on the merits.

**III.     Conclusion**

Even assuming, *arguendo*, that the issue for which the parties request the court certify for an interlocutory appeal presents a controlling question of law as to which there is substantial ground for difference of opinion, the court cannot find that an immediate appeal would materially advance the ultimate termination of the litigation. Accordingly, the court declines to certify its August 5, 2013 order for an interlocutory appeal, and will deny Defendant Downey's motion.

An appropriate order will issue.

> s/Sylvia H. Rambo
> SYLVIA H. RAMBO
> United States District Judge

Dated: October 21, 2013.

---

[6] Again, although Defendant Downey asks the court to certify its August 5, 2013 order regarding his motion for judgment on the pleadings for an interlocutory appeal, it is clear that the true issue for which both Defendant Downey and Plaintiff desire an appellate opinion concerns the court's 2009 dismissal of the Connelly Defendants, finding that the cause of action pleaded by Plaintiff in the complaint sounded in trespass rather than assumpsit.