IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS KNOPICK,** : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **PHILIP A. DOWNEY,** : <br> **Defendant** : | Civil No. 1:09-CV-1287 <br><br><br> Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

In this civil action, Plaintiff sued his prior attorneys for legal malpractice related to their representing him in connection with a property settlement agreement and prosecution of a legal malpractice action arising therefrom. Presently before the court is Plaintiff's motion for sanctions, in which he requests the court impose sanctions upon defense counsel and Defendant Downey himself[1] on the basis that Defendant Downey's recent motion to implead Plaintiff's counsel was baseless, filed in bad faith, and before the court with the intent to disrupt litigation. (Doc. 132.) For the following reasons, the motion for sanctions will be denied.

**I.      Background**

Because the court writes primarily for the parties, and because the facts of record have been summarized by this court in six separate memoranda (*see, e.g.*, Doc. 29 (granting Connelly Defendants' motion to dismiss); Doc. 32 (granting Defendant Downey's motion for summary judgment); Doc. 88 (denying Defendant

---

[1] Plaintiff requests the court impose sanctions upon both defense counsel and Defendant Downey himself because they both are licensed attorneys and are held to the appropriate level of conduct as members of the bar regardless of whether they are acting in their role as attorneys. The court will refer to defense counsel, Robert Sink, and Defendant, Philip Downey, collectively as "Defendant Downey."

Downey's second motion for summary judgment following remand); Doc. 107 (denying Defendant Downey's motion for judgment on the pleadings and Plaintiff's motion for reconsideration); Doc. 121 (denying Defendant Downey's motion for certification to file an interlocutory appeal); Doc. 128 (denying Defendant Downey's motion for leave to file a third party complaint)), the court will only outline the facts and procedural history essential to this memorandum.

On July 6, 2009, Plaintiff initiated this case by filing a complaint in which he named two sets of defendants, and brought, what Plaintiff labeled as, a breach of contract claim against the Connelly Defendants arising from their state court representation of Plaintiff in the PSA proceedings (Count I), and a legal malpractice (Count II) and breach of contract claim (Count III) against Defendant Downey in connection with his failure to adequately prosecute Plaintiff's legal malpractice claim against the Connelly Defendants. (*See* Doc 1.)

On December 29, 2009, the court granted the Connelly Defendant's motion to dismiss on the basis that the applicable two-year statute of limitations[2] had expired prior to the complaint's July 22, 2009 filing date. (Doc. 29.) In arriving at its decision, the court found that, despite Plaintiff labeling Count I as breach of contract against the Connelly Defendants, the allegations contained therein were more properly asserted as an action sounding in tort rather than contract. (*Id.*) Thus, although the court recognized that a plaintiff may bring a malpractice claim under both contract and tort theories of liability under Pennsylvania law, it held that Plaintiff's claim as pleaded against the Connelly Defendants arose in tort, and applied Pennsylvania's two-year statute of limitations applicable to malpractice tort

---

[2] The court found that the two-year statute of limitations for legal malpractice claims applied to Plaintiff's claim against the Connelly Defendants. (*See* Doc. 29, pp. 9-10.)

2

claims. (*See id.*) Plaintiff neither sought to file an amended complaint properly stating a viable cause of action for breach of contract nor appealed the court's ruling.

On October 11, 2013, Defendant Downey filed a motion seeking leave to file a third party complaint against Plaintiff's current counsel ("Counsel"). (Doc. 119.) In his motion, Defendant Downey acknowledged that he was beyond the time permitted to file a third party complaint by both the applicable Federal Rules of Civil Procedure and Local Rules of Court, but requested the court nevertheless permit him to implead Counsel. (Doc. 120, p. 6 of 9.) Defendant Downey's proposed claim arose from Counsel's failure to properly plead a breach of contract action against the Connelly Defendants (*see* Doc. 119-1, ¶¶ 17, 21), and sought contribution from Counsel for any liability he may incur if found to have committed malpractice. (*Id.* at ¶¶ 22-23.) Defendant Downey justified the timing of his belated request by arguing it was first during Plaintiff's deposition when he discovered that the Connelly Defendants breached Plaintiff's specific instructions, at which time he realized that there existed a basis for a breach of contract action against the Connelly Defendants. (*See* Doc. 120, p. 5 of 9.) Defendant Downey reasoned that, because the deposition demonstrated a breach of contract action existed, and because Counsel failed to adequately plead such a claim in this action, Counsel was negligent in their representation of Plaintiff, which allowed the Connelly Defendants out of the case, effectively placing all liability, if any, on Defendant Downey's shoulders to bear alone.

On November 12, 2013, the court denied Defendant Downey's motion (Doc. 129) finding that the motion was extremely untimely, and that impleading Counsel at that stage of the litigation certainly would prejudice Plaintiff, cause a conflict of interest requiring Plaintiff to retain new counsel, delay trial, and

3

complicate issues (Doc. 128).  The court also expressed its skepticism regarding Defendant Downey's explanation for the belated nature of his request, citing: (1) Defendant Downey's deposition testimony on November 26, 2012, wherein he recalled the same facts to which Plaintiff testified during his September 5, 2013 deposition; (2) Defendant Downey's February 25, 2008 letter to Plaintiff, in which he expressed his professional opinion that a viable breach of contract action against the Connelly Defendants existed; and (3) the parties' July 22, 2011 case management plan, in which Defendant Downey expressed his intention to bring a third-party claim against Counsel for the very purpose he sought to do so in his motion filed over two years later.

Two days after the court issued its memorandum and order denying the motion to implead Counsel and twenty days after Plaintiff served a copy of the instant motion upon Defendant Downey (*see* Doc. 131; Doc. 132, ¶ 34), Defendant Downey filed a praecipe to withdraw his motion (Doc. 130).  In his letter, filed on November 14, 2013, Defendant Downey stated his intention of ensuring he was protected by the "safe harbor" provision of Federal Rule of Civil Procedure 11. (Doc. 131.)

Despite Defendant Downey's withdrawing his motion within 21 days after service of the motion for sanctions, *see* Fed. R. Civ. P. 11(c)(2), Plaintiff filed the instant motion requesting sanctions on November 15, 2013.  (Doc. 132.) Plaintiff's motion largely reiterates his arguments advanced in opposition of Defendant Downey's motion seeking to implead Counsel, highlighting the discrepancies between Defendant Downey's averments and the record.  Plaintiff alleges that Defendant Downey made misrepresentations to the court and characterizes Defendant Downey's attempt to implead Counsel as "frivolous" (*Id*. at

4

¶ 30) and "vexatious" (*Id*. at ¶ 46), and further alleges that the attempt was made "in bad faith with the intent to disrupt this litigation" (*Id*. at ¶ 45). Plaintiff concedes that, due to Defendant Downey's withdrawing his motion within 21 days, Plaintiff can no longer seek sanctions by motion under Rule 11, but requests the court sanction Defendant Downey pursuant to 28 U.S.C. § 1927.

The issue has been adequately briefed. *See* M.D. Pa. L. R. 7.6 ("Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition.").

**II.     Discussion**

Plaintiff moves for sanctions against Defendant Downey pursuant to 28 U.S.C. § 1927, arguing that sanctions are appropriate because Defendant Downey provided false statements to the court in support of his motion to file a third party complaint and that the motion was made in bad fath and for an improper purpose.

**A.     Legal Standard**

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. To violate Section 1927, an attorney must be found to have: "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008). A

party seeking an award of attorney's fees under Section 1927 bears a heavy burden. "Courts should exercise [discretion to award Section 1927 sanctions] only in instances of a serious and studied disregard for the orderly process of justice." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986). The Third Circuit has held that "sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009) (quoting *LaSalle Nat'l Bank v. First Conn. Holding Grp.*, 287 F.3d 279, 288 (3d Cir. 2002). "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose." *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 278 F.3d 175, 188 (3d Cir. 2002) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)).

### B. <u>Application</u>

The court will not impose sanctions on Defendant Downey under Section 1927. While the court concluded that Defendant Downey's motion seeking to implead Counsel was extremely weak, contained an incomplete legal analysis,[3] marginally increased the cost of litigation, and that the delay in bringing the motion was suspect, sanctions are not warranted. Plaintiff himself has identified the possibility that Defendant Downey may be able to pursue a claim for contribution against Counsel. (*See* Doc. 124, p. 35 of 39 ("Downey can simply file a contribution claim after this litigation.").) Thus, although the court has not expressed its opinion

---

[3] In his opening brief, Defendant Downey analyzed the prejudice Counsel would suffer should the motion be granted. However, the prejudice inquiry focuses on whether *Plaintiff* – not Counsel – would be prejudiced by the belated third party complaint. The court provides Defendant Downey with the benefit of the doubt in assuming this inaccurate analysis is a product of defense counsel's oversight rather than an intentional attempt to delude.

regarding the viability of such a claim, it appears that Plaintiff is of the opinion that a claim for contribution may exist and be asserted at a later date. The court does not conclude that Defendant Downey's attempt to implead Counsel was entirely without merit or made entirely in bad faith. Rather, the court will give Defendant Downey the benefit of the doubt and attribute the motion to Defendant Downey's overzealousness. Thus, sanctions under Section 1927 are not warranted in this case.

### III. Conclusion

Although the court found little merit in Defendant Downey's motion seeking to implead Counsel, it does not conclude that the motion was made in bad faith. Defendant Downey, through his counsel, is advised to ensure the representations made in support of any motion are well-founded and accurately represent the record and the law. Based on the foregoing, Defendant Downey's conduct does not require the imposition of sanctions under 28 U.S.C. § 1927.

An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: November 25, 2013.