IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS KNOPICK,** | : |
| **Plaintiff** | : Civil No. 1: 09-CV-1287 |
| v. | : |
| **PHILIP A. DOWNEY,** | : |
| **Defendant** | : Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Presently before the court is Plaintiff's Motion to Continue Trial, Pretrial Conference, and Extend Deadlines. (Doc. 136.) The motion, filed on January 20, 2014, requests that the court amend the balance of the pretrial deadlines, including the date set for jury selection, due to Plaintiff's and/or Counsel's unavailability. (*Id*.) For the following reasons, Plaintiff's motion will be denied.

## I.     **Background**

The court has little doubt the parties are familiar with the facts and procedural history of this case and finds no reason to repeat it here. The deadlines Plaintiff seeks to amend were established in a case management order dated June 11, 2013. (Doc. 93.) The order imposed the following deadlines:

| | |
|---|---|
| Jury Selection: | May 5, 2014 |
| Fact Discovery Deadline: | December 16, 2013 |
| Plaintiff's Expert Report: | January 20, 2014 |
| Defendants' Expert Report: | February 17, 2014 |
| Rebuttal Expert Report: | February 28, 2014 |
| Expert Depositions: | March 31, 2014 |
| Dispositive Motions & Supporting Briefs: | None w/out leave of court |
| Motions in Limine & Supporting Briefs: | March 10, 2014 |

       Motions in Limine Resp.:       March 20, 2014

       Motions in Limine Reply:       March 27, 2014

       Pre-trial Memoranda,
       Proposed Voir Dire, and
       Proposed Jury Instructions:   April 10, 2014 by noon

       Pre-Trial Conference:       April 17, 2014 at 11:00 AM

(Doc. 93.) This was far from the first order granting the parties' requests by amending pretrial deadlines and the date set for trial. (*See, e.g.*, Docs. 61, 70, 76 & 90.)

       Plaintiff's instant motion offers the following justifications in support of his request to again delay disposition of this action:

> 2.    Plaintiff and Plaintiff's counsel are scheduled to begin trial in the case of *Knopick v. Breedlove et al.*, W.D. Ark. 11-3010, in Arkansas on April 28, 2014.
>
> 3.    Undersigned counsel believes that the trial in Arkansas will last two weeks, creating a conflict with trial in this case.
>
> 4.    Undersigned counsel is also scheduled for trial in the case of *Villard v. [T]he Fairville Co. et al*, 2012-4932, in the Delaware County Court of Common Pleas for the May trial term. The Delaware County Court Calendar does not provide a date certain. Undersigned counsel will file a motion to continue that trial as well.
>
>                           \*   \*   \*
>
> 7.    Undersigned counsel has trial scheduled in the case of *Zimmerman v. Norfolk Southern*, E.D. Pa. 10-2267, in the Eastern District of Pennsylvania scheduled to begin before the Honorable Judge Gardner on March 31, 2014.

> 8. Undersigned counsel believes that the *Zimmerman* trial will last three weeks, creating a conflict with the pretrial conference.
>
> 9. The April 10th deadline to file pretrial memoranda, proposed voire [sic] dire, and proposed jury instructions also falls during the *Zimmerman* trial.
>
> 10. Plaintiff's expert report is due today. Plaintiff's expert needs additional time to complete his report.

(Doc. 136, ¶¶ 2-4, 7-10.) Defendant opposes Plaintiff's request. (*Id*. at ¶ 11.) The motion has been adequately briefed to warrant the court's disposition.

## II. Legal Standard

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Fed. R. Civ. P. 6(b)(1). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348, 351 (3d Cir. 2011) (quoting Blacks Law Dictionary 251 (9th ed. 2009)). The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). A court has considerable discretion in granting or denying any motion for enlargement of time, including when the motion pertains to a request to continue trial. *Hoffman v. Kennedy*, 30 F.R.D. 50, 51 (E.D. Pa. 1962); *see also Miller v. Ashcroft*, 76 F. App'x 457, 461 (3d Cir. 2003). That discretion is guided, however, by certain basic principles. Under the abuse of discretion standard, a trial court's control of its docket will not be disturbed "except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the

complaining litigant." *Miller*, 76 F. App'x at 461. Moreover, any party challenging a ruling denying a continuance request "ha[s] a heavy burden to bear, . . . as matters of docket control . . . are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). When exercising this discretion, the court must remain mindful that the "Federal Rules are meant to be applied in such a way as to promote justice." *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998). Oftentimes, promoting justice guides the court to appease litigants' requests, as to ensure disputes are resolved on the merits and with the best attorney preparation as possible. *Id.* However, promoting justice also requires the merits of disputes be placed before the court in a timely fashion. *Id.* (affirming denial of request for extension of time).

### III.        Discussion

Judged against these standards, the court concludes that the proper exercise of its broad discretion is to deny Plaintiff's most recent motion for an extension of time in this nearly five year old attorney malpractice litigation. In this regard, the court finds each of Plaintiff's explanations of scheduling conflicts unconvincing and insufficient to establish good cause. Initially, the court notes that trial in this matter was scheduled by order dated June 11, 2013. (Doc. 93.) With regard to the conflict regarding *Knopick v. Breedlove* in the Western District of Arkansas, Harrison Division, the court notes that Judge Holmes scheduled trial in that matter by order entered on October 29, 2013. *See* Third Am. Scheduling Order, *Knopick v. Breedlove*, Civ. No. 11-cv-3010 (W.D. Ark. Oct. 29, 2013) (Dkt. No. 64). Thus, Plaintiff's trial in the Western District of Arkansas was scheduled 140 days after – and with Plaintiff's knowledge of – trial in this matter.

With regard to the conflict regarding *Villard v. The Fairville Co.* in the Delaware County Court of Common Pleas during the May trial term, the court notes that the matter does not yet have a date certain. Thus, counsel will have to file a motion to continue that trial, as this trial has been scheduled for a date certain for over six months.

With regard to the conflict regarding *Zimmerman v. Norfolk S. Corp.* in the Eastern District of Pennsylvania, the court notes Judge Gardner scheduled trial in that matter by order entered on July 26, 2013. *See* Jury Trial Attachment Order, *Zimmerman v. Norfolk S. Corp.*, Civ. No. 10-cv-2267 (E.D. Pa. July 26, 2013) (Dkt. No. 85). Thus, Plaintiff's trial in the Eastern District of Pennsylvania was scheduled 45 days after – and with Plaintiff's knowledge of – trial in this matter.

The court also concludes that counsel is unable to make a showing that denying this motion for extension of time would result in actual, unfair prejudice to the complaining litigant, *see Miller*, 76 F. App'x at 461, since counsel had been aware of the date of trial in this matter for 223 days, knew of the conflict in *Breedlove* for 85 days, and knew of the conflict in *Zimmerman* for 180 days. Moreover, the January 20, 2014 motion is not the first request for an extension of time; rather, it is simply the most recent in a long line of attempts to push back the deadlines. Finally, Plaintiff's request is made with total disregard for the court's warning made over a year ago: "Plaintiff is advised to strictly comply with the court's deadlines throughout the remainder of this action. Further extensions of time will not be granted." (Doc. 79, ¶ 4.) This lengthy litigation has been lingering for far too long. The parties are entitled to closure.

Plaintiff also requests the court extend the deadline set for submitting his expert report, averring that "Plaintiff's expert needs additional time to complete

his report." (Doc. 136, ¶ 10.) Plaintiff provides no additional basis for this request. The court finds Plaintiff's terse explanation insufficient to excuse his latest failure to comply with the deadlines set by the court in this attorney malpractice litigation and, further, that the request was made in complete disregard to the court's warning made over a year ago: "Plaintiff is advised to strictly comply with the court's deadlines throughout the remainder of this action. Further extensions of time will not be granted." (Doc. 79, ¶ 4.)[1]

**IV.**     **Conclusion**

In short, the court concludes that the time has come to address this matter on its merits, resolve this dispute, and reaffirm the abiding rule that "justice . . . requires that the merits of a particular dispute be placed before the court in a timely fashion." *Id*. Therefore, the court will deny[2] the instant motion.

An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 23, 2014.

---

[1] The restatement of this language is intentional, as one cannot overstate the power of repetition.

[2] The court notes that, in the past, it has granted Plaintiff a brief extension of time despite its decision to deny Plaintiff's motion in order to avoid adverse consequences to the litigant. (Doc. 79, p. 5 of 6.) Due to the court's previous warning and in light of Plaintiff's totally inadequate explanation of his inability to adhere to basic deadlines, no such cushion is afforded here with respect to Plaintiff's request for the court to extend the expert report deadline.