IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS KNOPICK,     : NO.: 1:09 CV 01287
    Plaintiff       :
            : JUDGE SYLVIA H. RAMBO
   v.          :
            : CIVIL ACTION - LAW
            : JURY TRIAL DEMANDED
PHILIP A. DOWNEY,     : (Electronically Filed)
    Defendant     :

**Brief in Opposition to**
**<u>Motion to Exclude Expert McLaughlin</u>**

Joshua M. Autry, Esquire
Pa. Supreme Ct. I.D. 208459
Clymer Musser & Conrad, P.C.
408 W. Chestnut St.
Lancaster, PA 17603
Phone: (717) 299-7101
Fax: (717) 299-5115
josh.autry@clymerlaw.com

Dated: March 24, 2014    Counsel for Plaintiff

1

## I.     Argument:

On January 23, 2014, when this Court denied Plaintiff's request for more time for the expert disclosure, Plaintiff promptly informed Defendant that Shawn McLaughlin, Esquire, would replace now-Judge Leonard G. Brown, III. Plaintiff disclosed then-Attorney Brown's report in 2009, which opined that Defendant should have known about the discovery rule for the statute of limitations. Plaintiff had to replace Leonard Brown as an expert because he has become a judge in the Lancaster County Court of Common Pleas and cannot testify in this trial.

On January 23, 2014, Plaintiff further provided Defendant with a letter from Attorney McLaughlin, confirming that his report would be "substantially similar to that issued by Attorney Brown." Attorney McLaughlin completed his report on February 28th, and Plaintiff immediately provided it to Defendant. As indicated in the January 23rd letter, the report is substantially similar to the report issued and disclosed by then-Attorney Brown in 2009.

Because the reports issued by McLaughlin and Brown provide the same ultimate opinion, Defendant has not been prejudiced and the delay is harmless. Defendant has known since for over four years that Plaintiff would argue that he should have known about the discovery rule.

Federal Rule of Civil Procedure 27(c)(1) provides:

> If a party fails to provide information or identify a witness
> as required by Rule 26(a) or (e), the party is not allowed to
> use that information or witness to supply evidence on a
> motion, at a hearing, or at a trial, *unless the failure was
> substantially justified or is harmless*.

(emphasis added). As explained herein, the delayed disclosure of expert Shawn
McLaughlin's report was substantially justified and harmless.

The Third Circuit has held that "the exclusion of critical evidence is an
'extreme' sanction…" *Meyers v. Pennypack Woods Home Ownership Assn.*, 559
F.2d 894, 905 (3d Cir. 1977). There can be no doubt that Attorney McLaughlin is a
critical witness. Plaintiff must present expert testimony on the issue of Defendant's
malpractice. It is necessary for Plaintiff to call an expert, Attorney McLaughlin, to
testify that Defendant committed malpractice when he failed to file a complaint
within the statute of limitations.

The Third Circuit has identified four factors for a court to consider:

> (1) the prejudice or surprise in fact of the party against
> whom the excluded witnesses would have testified, (2) the
> ability of that party to cure the prejudice, (3) the extent to
> which waiver of the rule against calling unlisted witnesses
> would disrupt the orderly and efficient trial of the case or
> of other cases in the court, and (4) bad faith or willfulness
> in failing to comply with the court's order.

*Id.* at 904-05. As an additional consideration, "We have also stated that "the importance of the excluded testimony" should be considered." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)

Here, Defendant is not "surprised" by Attorney McLaughlin's report. In fact, Defendant was expecting the report and knew what the essence of the conclusions would be. Further, Defendant cannot be prejudiced because he has known since 2009 that Plaintiff would offer expert testimony on the statute of limitations issue. Permitting the late report does not disrupt trial in this case, and Defendant has not offered any reason to explain how it would. Nor has Defendant shown any bad faith on the part of Plaintiff. Plaintiff requested an extension of time. When this Court denied the extension, Plaintiff immediately informed Defendant of the essence of Attorney McLaughlin's report. When Attorney McLaughlin completed his report, Plaintiff immediately provided Defendant with the report. Finally, the importance of the testimony could not be overstated. Plaintiff must call an expert to testify about Defendant's professional negligence. Without Attorney McLaughlin's testimony, Plaintiff's case is over.

The Third Circuit has previously reversed where district courts exclude key witnesses that were not timely disclosed as too extreme a sanction. *Quinn v. Consol. Freightways Corp. of Delaware*, 283 F.3d 572, 577 (3d Cir. 2002); *Meyers*, 559 F.2d

at 904-905. Of particular note here, the Third Circuit has reversed the exclusion of

experts where the party offering the expert informed the opposing party of the

substance of the expert's testimony. The Third Circuit has explained:

> Although we have generally upheld trial courts'
> imposition of sanctions excluding witnesses because of
> the district court's need for broad leeway to manage its
> cases, *see, e.g., United States v. 68.94 Acres of Land*, 918
> F.2d 389, 396–97 (3d Cir.1990); *Semper v. Santos*, 845
> F.2d 1233, 1237–38 (3d Cir.1988), *Coleco Indus. Inc. v.
> Berman*, 567 F.2d 569–70 & n. 14 (3d Cir.1977), we have
> reversed an exclusion where, as is the case here, there was
> only a slight deviation from pre-trial notice requirements,
> and admitting the witness was likely to cause only slight
> prejudice to the defendants, who were already aware of
> the basic substance of the witness' testimony. *See
> DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193,
> 1202 (3d Cir.1978). In fact, admission of the testimony in
> KLM was far more likely to cause prejudice than it was
> here, because the defendant in that case did not make the
> plaintiffs aware of the exact substance of the testimony
> until *trial*. Similarly, in *Pennypack*, we reversed the
> district court's exclusion of expert testimony despite the
> fact that the substance of the testimony was revealed far
> closer to trial than it was here (three weeks before trial),
> and where there was the possibility of some disruption of
> the trial or of other cases through the need to give the
> defendant an opportunity to depose the new witnesses. *See
> Pennypack*, 559 F.2d at 905.

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994) (emphasis in

original). In that case, the Third Circuit further disagreed with the district court's

finding of bad faith due to the party's "willful failure to comply with the Court's order." *Id.* at 793. The Third Circuit held to the contrary:

> But the district court's finding of willfulness and bad faith is clearly erroneous. Where plaintiffs named Dr. DiGregorio by the deadline, provided most of the substance of his testimony by the deadline, provided the additional substance shortly after the deadline when requested to do so, and had little to gain from the month delay in provision of the additional material, there is no basis on which to conclude that the plaintiffs deliberately failed to comply with the requirements of the district court order. "Lack of diligence" does not constitute bad faith.

*Id.*

In *KLM*, the Third Circuit likewise held:

> In the instant case, KLM's pleading and the pre-trial order giving notice that pre-existing medical infirmities would be part of the case gives little support to plaintiff's contention of surprise and prejudice. And even if plaintiff's counsel were surprised by Who gave the testimony, he should not have been surprised by its substance. Further, Dr. Welsh's testimony occasioned no disruption in the trial, nor was there any assertion that the defendant exercised bad faith. In view of these facts, and because of the critical importance of this evidence to defendant's case, we are constrained to hold that the district court's exclusion of Dr. Welsh's testimony as to pre-existing medical infirmities was reversible error.

*DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1202 (3d Cir. 1978).

As in *Paoli* and *KLM,* this Court should excuse the delay in providing the report of Attorney McLaughlin. Plaintiff promptly notified Defendant of the

6

substance of the expert report, and Defendant has known for more than four years that Plaintiff would call such an expert.

Defendant cites *Astrazeneca AB v. Mut. Pharm. Co., Inc.*, 278 F. Supp. 2d 491, 509-10 (E.D. Pa. 2003) *aff'd*, 384 F.3d 1333 (Fed. Cir. 2004), but that case is inapposite. In that case, the Defendant sought to introduce expert testimony on new and complex data, which would have required Plaintiffs to hire experts to perform new testing.

This case is also not like the case of *Konstantopoulos*, 112 F.3d at 720 & n. 5, where the expert that the district court excluded was not that important and would have testified primarily to subjects covered by another witness. Further, the plaintiff failed to disclose the expert until three weeks before trial and more than a year after the expert discovery cut-off. *Id.* at 719-21. Even then, the plaintiff waited another week until disclosing the substance of the expert's opinion and never provided a report. *Id.* at 719-20. This case is more like *KLM* and *Paoli* because Attorney McLaughlin's testimony is critical to the trial and Defendant has known since 2009 that Plaintiff would offer a statute of limitations expert.

## II.    CONCLUSION

Therefore, Nick Knopick respectfully requests that this Honorable Court deny

Defendant's motion to exclude Expert McLaughlin.


Respectfully submitted,

*/s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pa. Supreme Ct. I.D. 208459
Clymer Musser & Conrad, P.C.
408 W. Chestnut St.
Lancaster, PA 17603
Phone: (717) 299-7101
Fax: (717) 299-5115
josh.autry@clymerlaw.com

Counsel for Plaintiff

Dated: March 24, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS KNOPICK,                  : NO.: 1:09 CV 01287
          Plaintiff                  :
                            : JUDGE SYLVIA H. RAMBO
    v.                                          :
                            : CIVIL ACTION - LAW
                            : JURY TRIAL DEMANDED
PHILIP A. DOWNEY,                  : (Electronically Filed)
          Defendant                  :

## CERTIFICATE OF SERVICE

    I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email address(es):

    Robert W. Sink, Esquire
    rsink@sinklawoffices.com


                         /s/    *Joshua M. Autry*
                         Joshua M. Autry, Esquire

Dated: March 24, 2014