IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS KNOPICK, | : |
|     **Plaintiff** | :    Civil No. 1: 09-cv-1287 |
| v. | : |
| PHILIP A. DOWNEY, | : |
|     **Defendant** | :    Judge Sylvia H. Rambo |

## O R D E R

Presently before the court is a motion to withdraw as attorney filed by Plaintiff's counsel, Joshua M. Autry, Esquire ("Counsel"). (Doc. 152.) This is the second motion to withdraw filed by Counsel (*see* Doc. 141), the first of which was denied by the court in light of a response filed by his client, Nicholas Knopick ("Mr. Knopick") (*see* Doc. 149). (Doc. 151.) The basis of the court's denial of Counsel's first motion was set forth in its March 12, 2014 order, and provided, in part, as follows:

> [B]ased on the representations of both Counsel and Plaintiff, the court declines to grant Counsel's motion. First, Plaintiff has not terminated Counsel's representation, and thus the Pennsylvania Rules of Professional Conduct do not mandate counsel's withdrawal. Second, it appears that Plaintiff's and Counsel's interests are aligned rather than in conflict. Indeed, a verdict in Plaintiff's favor is in the interest of both Plaintiff and his Counsel, and the court cannot see how Counsel's interests could be adverse to those of Plaintiff with regard to the proposed contribution claim by Downey, which is not a part of the instant matter. Third, as stated, Attorney Negovan entered only a limited appearance and Plaintiff represents that he does not have additional counsel. Middle District of Pennsylvania Local Rule 83.15 specifically authorizes the court to refuse leave

> to withdraw unless substitute counsel has entered an appearance. Fourth, Defendant has filed three pretrial motions that could significantly impact the course of trial, all of which require a response from Plaintiff within eight days. Fifth, and significantly, trial in this matter is scheduled for May 5, 2014, and the court maintains its position that it will not further delay disposition of these proceedings.

(Doc. 151, p. 4 of 5.) The instant motion was filed on March 24, 2014, along with a brief in opposition to each of the pending pretrial motions (Docs. 153 & 154) and a second motion for extension of time to extend the expert report deadline, filed by Plaintiff (Doc. 155).

In further support of the instant motion, Counsel filed a declaration, executed pursuant to 28 U.S.C. § 1746. (Doc. 157-1.) Due to the ex parte nature of the document, the court will refrain from disclosing the contents thereof, but notes that it is highly concerned regarding the stability of the attorney-client relationship despite, what appears to be, Counsel's best efforts. Nevertheless, the court will not grant this motion before clarifying several items, especially in light of Mr. Knopick's previously filed declaration, which was unresponsive to several of the court's March 12, 2014 inquiries. Accordingly, **IT IS HEREBY ORDERED** that Mr. Knopick is **DIRECTED** to submit an affidavit, which he is invited to file under seal, indicating: (1) whether he has terminated Counsel's representation; (2) whether he has obtained new counsel who will enter an appearance on his behalf and be prepared to try the case in the May 2014 trial term or whether he will proceed to trial pro se; and (3) *that he understands the court will not extend any applicable deadlines, including the trial date, regardless of the status of his representation.* Mr. Knopick shall also respond to any paragraph contained in Counsel's declaration

to which he takes exception, explaining the basis for his disagreement. The foregoing affidavit shall be submitted to the court no later than Friday, April 4, 2014. Failure to comply with this order will result in the court considering the second motion to withdraw without the benefit of Mr. Knopick's position.

Counsel is **DIRECTED** to ensure Mr. Knopick receives a copy of this order.

The court would be remiss if it failed to express its sincere concern raised by the instant motion. As the court has explained in several previous orders and is patently evident simply by looking at the docket, this case has experienced much turbulence over its five years pending in this court. As with any type of prolonged litigation, the parties undoubtedly have invested considerable financial resources and expended significant efforts. This case now approaches final resolution, and the court is unwilling to allow any further delays and increase the costs of this litigation even further. A rift in the attorney-client relationship has the potential to disrupt the final leg of this – what can properly be characterized as – litigious marathon. This case will be proceeding to trial in a little over a month, and the court is not inclined to further suspend resolution of this matter. (Doc. 93.)

S/SYLVIA H. RAMBO
United States District Judge

Dated: March 27, 2014.