IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS KNOPICK,** : | |
| **Plaintiff** : | **Civil No. 1:09-CV-1287** |
| : | |
| v. : | |
| : | |
| **PHILIP A. DOWNEY,** : | **Judge Sylvia H. Rambo** |
| **Defendant** : | |

## O R D E R

Presently before the court is Plaintiff's motion to exclude expert testimony, which seeks to exclude the testimony of Shawn McLaughlin, Esquire, as a sanction due to Plaintiff's failure to comply with the court's deadlines. (Doc. 146.) Specifically, Defendant argues that Plaintiff first provided Attorney McLaughlin's expert report on February 28, 2014, over one month beyond the January 20, 2014 expert report deadline established by the June 11, 2013 case management order. (Doc. 147, p. 2 of 4.)  Due to Plaintiff's noncompliance with the court's order, Defendant seeks sanctions pursuant to Rule 37(c)(1) in the nature of preclusion of the expert's testimony.

In response, Plaintiff argues that Attorney McLaughlin's report is "substantially similar to" and simply a substitution for the report of Leonard G. Brown III, Esquire, who authored a report that was disclosed to Plaintiff in 2009. (Doc. 154, p. 2 of 9.)  Plaintiff argues that, because the expert cannot testify at this trial due to his election to the Lancaster County Court of Common Pleas bench, a substitute expert is necessary.  Plaintiff avers that, after the court denied his January 20, 2014 motion seeking, *inter alia*, to extend the January 20, 2014 expert report deadline, he promptly informed Defendant that Attorney McLaughlin would issue a

substitute report, and that he "immediately provided" Attorney McLaughlin's report to Defendant the same day he received it.

The court has reviewed the expert reports of Attorney McLaughlin and Judge Brown. In terms of the opinions provided by the experts, Judge Brown's report provided as follows:

> In it my professional opinion, to a reasonable degree of legal certainty, that the statute of limitation on any professional malpractice claim of [Plaintiff] began to run on or shortly after July 7, 2005, and would not have expired before July 7, 2007.
>
> Since [Defendant] was retained by [Plaintiff] on or before March 30, 2007 for the purpose of pursuing a malpractice action against [the Connelly Attorneys], he had a duty to file suit on or before July 7, 2007.
>
> It is my professional opinion, to a reasonable degree of legal certainty, that [Defendant] violated the standard of care expected of an attorney under the circumstances and that his violation of the standard of care led to damages to [Plaintiff].

(Doc. 147-1, pp. 7-8 of 18 (numbering omitted).) In his report, Attorney McLaughlin provides a substantially similar opinion regarding the accrual and expiration of the statute of limitation and Defendant's conduct:

> Based on the above, it is my opinion, expressed to a reasonable degree of legal certainty that [Plaintiff] did not know that harm had befallen him, nor would any reasonable person have known, nor should they have known given a reasonable place until the Order of the Court of Common Pleas of on or about July 5, 2005. Because [Plaintiff] did not discover the harm (i.e., breach of duty) until July 5, 2005, the statute of limitations was tolled until that time. Thus, as the 2 years statue began to run on July 5, 2005, a legal malpractice claim should have been filed by on or before July 5, 2007.

> In light of the fact that, <u>inter alia</u>, [Defendant] had taken steps to represent [Plaintiff] as early as October 26, 2006 when he sent a letter to the Connelly firm putting it on notice of a potential malpractice claim, and in light of the fact that [Defendant] entered into a written fee agreement with [Plaintiff] on March 20, 2007, and in light of multiple representations that he had a good legal malpractice case, and in light of the fact that [Defendant] expressed his belief that "[t]he statute of limitations on this matter, in tort, is July 5, 2007," [Defendant] had a legal duty to file a malpractice claim prior to July 5, 2007 against the Connelly firm and the two lawyers from that firm who worked on [Plaintiff]'s case. [Defendant]'s failure to do so constitutes a violation of the standard of care expected of an attorney toward someone in [Plaintiff]'s position.  This violation of care led to the damages [Plaintiff] later sustained.

(Doc. 147-2, p. 7 of 8 (footnote omitted).)

Rule 37(c)(1)'s sanctions are mandatory unless the party failing to disclose expert testimony can show the failure was justified or harmless.  Fed. R. Civ. P. 37(c)(1).  Plaintiff argues that his failure to submit Attorney McLaughlin's report by the established deadline was both substantially justified and harmless.  While the court disagrees that Plaintiff's failure was substantially justified, it is inclined to agree that Plaintiff's failure is harmless in light of the sanctions imposed by the court as set forth in this order.

A comparison of the expert reports leaves no question that Attorney McLaughlin's 2014 report sets forth a greater factual background as compared to Judge Brown's 2009 report.  However, both reports do reach the same conclusions, namely that the statute of limitation began to run at the time Judge Morrow issued her decision, *i.e.,* on July 5, 2005, and that Defendant had a duty to file a lawsuit

before the two-year statute of limitation expired, *i.e.,* on July 5, 2007. Although Plaintiff certainly should have secured a substitute report for Judge Brown, who was elected to the common pleas bench on November 8, 2011, before February 28, 2014, the court will not punish the client in this instance for the extreme lack of diligence of Counsel. While the court will decline to characterize Counsel's conduct as committed in "flagrant disregard" of this court's orders, as suggested by Defendant, it notes that this conduct is both unacceptable and disturbing, notwithstanding the recent developments in this case.

Ultimately, the court cannot find that Defendant has suffered prejudice due to belated substitution of Attorney McLaughlin for Judge Brown. Indeed, the matters addressed in the expert report have been known to both parties for several years. Moreover, as stated, although Attorney McLaughlin's report contains additional factual background, the ultimate operative conclusion is the same. While the court does not condone Plaintiff's arguably lackadaisical approach to the expert report, it cannot find that preclusion of Attorney McLaughlin's testimony is appropriate in light of the harshness of the sanction and the harmlessness of the belated substitution. Thus, the court concludes that Plaintiff has adequately demonstrated harmlessness and that the mandatory nature of the sanction is inapplicable.

However, this finding is only reached after imposing a sanction that limits the scope of Attorney McLaughlin's testimony. Accordingly, Attorney McLaughlin will be precluded from testifying on his direct examination as to any fact or opinion beyond those set forth in Judge Brown's 2009 report. This sanction, imposed pursuant to Rule 37(c)(1)(C), is crafted to cure any prejudice suffered by

Defendant in connection with the expanded scope of Attorney McLaughlin's report as compared to that of Judge Brown.

Defendant also argues, for the first time in his reply (Doc. 160) and to which Plaintiff responded in a duly authorized sur-reply (Doc. 167), that he was prejudiced by Plaintiff's failure to serve all of the Rule 26(a)(2)(B) disclosures, namely disclosures related to Attorney McLaughlin's qualifications, a list of all publications Attorney McLaughlin authored in the last ten years, cases in which Attorney McLaughlin testified as an expert during the past four years, and Attorney McLaughlin's compensation. Based on the representations of Counsel, the court finds that Plaintiff has since remedied these issues and that the inadequate disclosures were otherwise harmless, as Attorney McLaughlin has not published anything in the last ten years, has not testified in the last four years, and that Attorney McLaughlin's compensation has now been disclosed.[1] Accordingly, the court cannot conclude that the mandatory nature of Rule 37(c)(1)'s sanction of preclusion is applicable due to Plaintiff's failure to timely provide Rule 26(a)(2)(B) disclosures.

---

[1] The court assumes Plaintiff has also disclosed Attorney McLaughlin's qualifications. If the court's assumption is in error, Plaintiff shall produce Attorney McLaughlin's qualifications within three days of the date of this order. Otherwise, the court will welcome a motion from Defendant seeking to impose appropriate sanctions.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to preclude the expert testimony of Attorney McLaughlin (Doc. 146) is **DENIED**. However, **IT IS FURTHER ORDERED** that Attorney McLaughlin shall be precluded from testifying to matters at trial beyond those contained in his own expert report and reflected in Judge Brown's 2009 expert report.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: April 3, 2014.